IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| A.A.,<br><br>           Plaintiff,<br><br>vs.<br><br>DANNY DIAL, *et al.*,<br><br>           Defendants. | CIVIL CASE NO. 21-00029<br><br>**REPORT AND RECOMMENDATION**<br>re Motion to Dismiss for Lack of Jurisdiction<br>(ECF No. 34) |

Pending before the court is a Motion to Dismiss for Lack of Jurisdiction (the "Motion to Dismiss"). *See* Mot. Dismiss, ECF No. 34. The motion is fully briefed, and the court finds that oral argument is unnecessary. Having reviewed the pertinent filings and relevant case law and authority, the court issues the following Report and Recommendation to grant the Motion to Dismiss without prejudice but allow the Plaintiff to file an amended complaint.

I. **BACKGROUND**

    A. <u>Plaintiff's Allegations</u>

On December 31, 2021, the Plaintiff initiated this action by the filing of a Complaint alleging that he had been sexually assaulted in June 2012 while he was 16 years old by defendant Danny Dial, whom the Plaintiff claimed was then the Director of the Seventh Day Adventist ("SDA") Guam Micronesia Mission ("GMM") Education. *See* Compl. at ¶¶ 4-5 and 24-26. The Plaintiff alleged he later reported the assault to defendants Steven Silva (the Pastor of the GMM) and Louis Torres (the President of GMM). *Id.* at ¶¶ 7-8 and 29-33. The Complaint further asserted that neither Silva, Torres nor the GMM SDA Church (the "Church") reported Plaintiff's allegations to the Guam Police Department or the Child Protective Services and that said defendants helped Dial flee Guam. *Id.* at ¶ 34.

The Complaint did not specifically identify the grounds for the court's jurisdiction. The Complaint simply asserted that the Plaintiff was "a U.S. citizen and presently a resident of the State of California." The Complaint failed to allege the citizenship of any of the defendants.

B.  Service on Dial

At the First Preliminary Pretrial Conference on September 8, 2022, the court inquired how Plaintiff's counsel wished to proceed with defendant Dial, who had not yet been served nor had he made an appearance in the case. *See* Minutes, ECF No. 13. Plaintiff's counsel replied that the Plaintiff was in search of Dial and intended to serve him. The court then instructed Plaintiff's counsel to file a proper motion pursuant to Rule 4(m) to request additional time to serve Dial.

On October 7, 2022, the Plaintiff filed a Motion to Extend Deadline to Serve Defendant Dial. *See* ECF No. 15. According to the motion and the supporting declaration, counsel for defendants Torres, Silva and the Church (collectively, the "Defendants") had informed Plaintiff's counsel that Dial was terminated from the Church's employment in June 2012, and the Defendants believed that he may be located in the Philippines or in Loma Linda, California. *See* Decl. David J. Lujan at ¶¶ 7-9, ECF No. 17. The Plaintiff hired an investigator who confirmed Dial's address in Loma Linda. The Plaintiff thus requested an additional 60 days to serve Dial.

On October 28, 2022, the court granted the Plaintiff's request for an extension and ordered that Plaintiff effect service on Defendant Dial within 60 days from the Clerk's entry of said Order. *See* Order, ECF No. 20.

On January 12, 2023, the parties appeared before the court for a Second Preliminary Pretrial Conference, at which time Plaintiff's counsel gave an update on the Plaintiff's unsuccessful attempts to serve Dial. *See* Minutes, ECF No. 22. Counsel requested a further extension of time to serve Mr. Dial and expressed an interest in seeking permission to serve him by publication. The court then instructed counsel to file appropriate motions seeking an extension and/or service by publication.

On March 1, 2023, the Plaintiff filed a Status Report indicating the Plaintiff's further attempts to locate and serve Dial in February 2023. *See* ECF No. 30.

At the status hearing held on March 9, 2023, the court ordered the Plaintiff's counsel to file a motion to serve Dial by publication within 14 days from the hearing or else the court would

recommend that Dial be dismissed from this action without prejudice. *See* Minutes, ECF No. 32.

In lieu of filing said motion, on July 5, 2023, the Plaintiff voluntarily dismissed all claims against Dial without prejudice. *See* Notice of Voluntary Dismissal, ECF No. 40.

C. Filing of Instant Motion

On March 10, 2023, the Defendants filed the instant Motion to Dismiss, along with a supporting memorandum and the declaration of Silva. *See* ECF No. 34. The Defendants argued that dismissal was warranted because (1) the Complaint failed to affirmatively plead subject matter jurisdiction, (2) assuming the Plaintiff would assert diversity jurisdiction, diversity did not exist since the Plaintiff and Silva were both citizens of California when the Complaint was filed, and (3) the Plaintiff's failure to ascertain Dial's residence forecloses complete diversity between the parties.[1] Mem. P. & A. Supp. Mot. Dismiss at 1-2, ECF No. 34-1.

On March 14, 2023, the Motion to Dismiss for Lack of Jurisdiction was referred to the below-signed judge. *See* Order, ECF No. 35.

On March 31, 2023, the Plaintiff filed his Opposition to the motion. *See* ECF No. 36. The Plaintiff conceded that although the Complaint failed to affirmatively state the basis for federal jurisdiction, diversity jurisdiction did in fact exist since the Plaintiff was a citizen of Michigan, not California. The Plaintiff asserted that leave to amend should be given to correct this oversight.

On April 14, 2023, the Defendants filed their Reply to the Opposition. *See* ECF No. 38.

**II. LEGAL STANDARD**

Because federal courts are courts of limited jurisdiction, they "possess only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Rule 8 requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). A party may seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Federal courts have original jurisdiction over civil actions where the amount in controversy

---

[1] Because the Plaintiff has voluntarily dismissed Dial from this action, *see* ECF No. 40, this argument is moot and will not be further addressed in this Report and Recommendation.

exceeds $75,000 and involves citizens of different states. 28 U.S.C. § 1332(a)(1). As the party asserting jurisdiction, the plaintiff bears the burden of establishing diversity of citizenship by a preponderance of the evidence. *See Kanter v Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001); *Gaus v Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). "[F]ailure to specify . . . state citizenship [is] fatal to [an] assertion of diversity jurisdiction." *Kanter*, 265 F.3d at 858.

### III. DISCUSSION

#### A. Whether the Complaint sufficiently stated grounds for jurisdiction

The Plaintiff concedes that the Complaint "did not present a federal question and that subject matter jurisdiction . . . is based on diversity of citizenship under 28 U.S.C. § 1332." Pl.'s Opp'n at 2, ECF No. 36. The instant Complaint did not sufficiently identify the state citizenship of the parties, and said failure is fatal to the Plaintiff's assertion that this court has diversity jurisdiction. While the court must recommend that the Complaint be dismissed for lack of diversity jurisdiction, the court must next determine whether dismissal should be with or without prejudice.

#### B. Whether amendment would be futile

The Ninth Circuit has cautioned that a "complaint should not be dismissed without leave to amend unless amendment would be futile." *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1086 (2014) (citing *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)). This is consistent with the policy of the federal rules that a court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Plaintiff argues that he should be given leave to amend to correct the defective jurisdictional allegations. The Defendants agree that the court "should provide Plaintiff the opportunity to correct any jurisdictional defects to the extent they are curable." Defs.'s Reply at 6, ECF No. 38. The Defendants, however, assert that amendment is futile since the Plaintiff and defendant Silva[2] were both citizens of California at the time the Complaint was filed. Mot. Dismiss at 34. The Defendants further contend that the Plaintiff's self-serving declaration fails to establish

---

[2] Silva was a resident of Oakhurst, California when the Complaint was filed and still resides there today. Decl. Steven Silva at ¶¶ 3 and 5, ECF No. 34-2. Silva asserts that it is his intention to continue living and working in California for the foreseeable future. *Id.* at ¶ 6.

diversity between the parties.

The Complaint alleged the Plaintiff was "presently a resident . . . of California." Compl. at ¶ 2, ECF No. 1. He now asserts he that "at the time of the filing of the Complaint on December 31, 2021, Plaintiff was a citizen of Michigan." Pl.'s Opp'n at 3, ECF No. 36. According to the Plaintiff's declaration, he lived in Michigan from 2013 to 2021, where he attended and graduated from high school and undergraduate college. Decl. of Pl. at ¶ 3, ECF No. 37. He also attended graduate school in Michigan and worked there from about 2014 to late 2021. *Id.* In May 2021, he moved to California to work for an employer on a one-year contract. *Id.* at ¶ 4. The Plaintiff claims he "never intended to live and work in California indefinitely[,]" and that it was his "intention to return to Michigan in 2022 to live and work there." *Id.* at ¶ 5. While living in California, he began applying for jobs in Michigan about July or August 2021, and was offered a job in Michigan in September 2021. *Id.* at ¶ 6. The Plaintiff asserts that after his one-year contract in California ended, he returned back to Michigan in June 2022 and began his employment there. *Id.* at ¶ 7. The Plaintiff states that he plans to continue working and living in Michigan in his sister's home and that he has no plans to leave Michigan for the foreseeable future. *Id.* at ¶¶ 7-8.

The Defendants ask the court to view the Plaintiff's self-serving declaration with skepticism. The Defendants assert that the original Complaint does not make any reference to the Plaintiff's ties to Michigan. The Defendants surmise this omission may be related to the fact that Silva's Linkedin profile page includes a reference that Silva is an "Ordained Minister at Michigan Conference of Seven Day Adventists," leading the Plaintiff to suspect that Silva was a citizen of Michigan. Defs.'s Reply at 4, ECF No. 39. The Defendants argue that the Plaintiff intentionally asserted he was a resident of California in the Complaint in order to "manufacture diversity jurisdiction." *Id.* The Defendants also claim that discovery has revealed other facts that tend to indicate that the Plaintiff had no intention of living in Michigan permanently. For instance, before leaving for California in 2021, the Plaintiff allegedly told his therapist that he "will be relocating *permanently* to California." *Id.* at 5 (emphasis in original). Additionally, the Plaintiff applied to a law school in Arizona six months before moving to California. *Id.* The Defendants assert that these facts make the Plaintiff's assertions in his declaration less credible.

A person's state of citizenship is determined by his state of *domicile*, not his state of residence. *Kanter*, 265 F.3d at 857 (emphasis added). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (internal citation omitted). Additionally, "a person's old domicile is not lost until a new one is acquired. A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986).

Having reviewed the Plaintiff's declaration and considered the arguments raised in the Defendants' Reply, the court finds that the Plaintiff has established by a preponderance of the evidence that there is diversity of citizenship between himself and defendant Silva. Before moving to California for employment on a one-year contract, the Plaintiff resided in Michigan for approximately eight years. He graduated from high school and college in Michigan and also attended graduate school there. While he allegedly told a therapist that he was permanently relocating to California, the Plaintiff's declaration also explained that before moving to California in May 2021, he learned that his sister was pregnant. Pl.'s Decl. at ¶ 5, ECF No. 37. His intent was to return to Michigan after his one-year job in California so that he could live with his sister in her Michigan home. *Id.* He said that his "support network" was in Michigan, *id.* at ¶ 7, and that his sister was his "only immediate family member to live in the U.S. mainland." *Id.* at ¶ 5. The court finds that the Plaintiff has met his burden of establishing that he was domiciled in Michigan and he did not lose said domicile when he moved temporarily to California. The mere fact that the Plaintiff may have applied to law school in Arizona does not change his domicile. Accordingly, the court finds that amendment would not be futile, so the Plaintiff should be allowed to file an amended complaint that corrects the defective jurisdictional allegations.

///

///

///

///

///

IV. **RECOMMENDATION**

Based on the above discussion, the court recommends that the District Judge (1) grant the Motion to Dismiss for Lack of Jurisdiction, (2) dismiss the Complaint without prejudice and (3) give the Plaintiff leave to file an amended complaint to cure technical defects alleging complete diversity jurisdiction between the parties.

IT IS SO RECOMMENDED.



/s/ **Michael J. Bordallo**
     **U.S. Magistrate Judge**
**Dated: Jul 18, 2023**

**NOTICE**
**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**